**CROWE MOTOR POLICIES AT LLOYDS, Plaintiff**

**v.**

**PEDRO MOJICA, JR., PEDRO MOJICA, SR. and LUZ MARIA MOJICA, Defendants**

Civil No. 719/1987

**CALVIN E. SCHMIDT and JULIET ISAAC, Plaintiffs**

**v.**

**PEDRO MOJICA, JR., PEDRO MOJICA, SR. and LUZ MARIA MOJICA, Defendants**

Civil No. 290/1987

Territorial Court of the Virgin Islands

Div. of St. Croix

October 19, 1990

ESZART A. WYNTER, ESQ., St. Croix, V.I., *for plaintiffs*

GEORGE W. CANNON, JR., ESQ., St. Croix, V.I., *for defendants*

ELTMAN, *Judge*

## MEMORANDUM AND ORDER

In the trial of these consolidated actions, the defendants seek to offer previous testimony of an absent witness. The motion will be granted.

## FACTS

This litigation arises out of a March 13, 1986, head-on collision between vehicles driven by Pedro Mojica, Jr. and Calvin E. Schmidt. Mojica was charged with negligent driving by failing to keep to the left. At the July 2, 1987, trial of the traffic citation,[1] Mojica called his passenger, Marcus Anthony Felix, as a defense witness.

The defendants have established that they cannot now locate Felix, who has moved from St. Croix, and they seek to use his 1987 testimony in the current trial. During that testimony, which consists of nine pages of transcript, Felix was examined on direct by Mojica's present attorney and was cross-examined by the prosecutor. While parts of the testimony were muddled, both as to questions and answers, Felix's version clearly tended to exculpate Mojica.

## DISCUSSION

Federal Rule of Evidence 804(b)(1) is a hearsay exception in the event that the declarant is unavailable as a witness. It provides:

> (b) Hearsay Exceptions. The following are not excluded by the hearsay rule if the declarant is unavailable as a witness:
>
> (1) Former Testimony. Testimony given as a witness at another hearing of the same or a different proceeding, or in a deposition taken in compliance with law in the course of the same or another proceeding, if the party against whom the testimony is now offered, or, in a civil action or proceeding, a predecessor in interest, had an opportunity and similar motive to develop the testimony by direct, cross, or redirect examination.

The particular issue here is whether the Government of the Virgin Islands may properly be considered the predecessor in interest of the plaintiffs Crowe Motor Policies at Lloyds, Calvin E. Schmidt and Juliet Isaac.

Lloyd v. American Export Lines, Inc., 580 F.2d 1179 (3d Cir. 1978), cert. denied, 99 S.Ct. 461 (1978), arose out of a shipboard assault by one seaman upon another. The Coast Guard conducted a disciplinary proceeding against the attacker. The injured crewman then sued the shipowner, claiming a failure to properly supervise the violent em-

---

[1] Government v. Mojica, T.C. No. 2371/87. Mojica was convicted of negligent driving, but the conviction was reversed by the Appellate Division on grounds not germane here. D.C. Civil No. 72/87 (June 7, 1988).

ployee or to warn others of his propensities. The trial court found that the aggressor seaman was unavailable for trial but nevertheless refused to admit his former Coast Guard testimony.

The Third Circuit, carefully analyzing the legislative history of Rule 804(b)(1), reversed the trial court. It noted that, although the injured employee had an individual interest and the Coast Guard a public interest, the "nucleus of operative facts" was the same from both perspectives, i.e., the details of the incident aboard the ship. "And although the results sought in the two proceedings differed ... the basic interest advanced by both was that of determining culpability and, if appropriate, exacting a penalty for the same condemned behavior thought to have occurred." Id., at 1186.

Here, although the plaintiffs were not parties to the traffic proceeding, the government stood in their place in the sense of being equally motivated to cross-examine and to discredit, if possible, the testimony of Mojica's eyewitness. Had the plaintiffs been involved in the earlier proceeding, perhaps their counsel might have been more skillful in his questioning, or might have used a different strategy in cross-examination, or might even have foregone the opportunity to cross-examine. The central question, however, is not whether the plaintiffs had the opportunity to actually participate in the first trial, but whether the government had a similar incentive to cross-examine about the same incident as do the plaintiffs now, and whether the government was given sufficient opportunity for such questioning. Id., at 1187. Since the answer is in the affirmative, the government is deemed the plaintiffs' predecessor in interest for Rule 804(b)(1) purposes. Therefore, in light of his present unavailability as a witness, the former testimony of Marcus Anthony Felix is admissible in the trial of these consolidated actions as an exception to the hearsay rule.

Accordingly, it is hereby ORDERED that the motion of the defendants to read the former recorded testimony of Marcus Anthony Felix, given on July 2, 1987, in Government v. Mojica, T.C. No. 2371/87, is granted.